# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KIRK MEDAK,[1]

    Plaintiff,

    v.

STATE OF ALASKA, JUDGE MICHELLE HIGUCHI, AND SENATOR LISA MURKOWSKI,

    Defendants.

Case No. 3:22-cv-222-SLG

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

On October 17, 2022, Kirk Medak, a self-represented litigant ("Plaintiff") filed a Complaint on behalf of "Mars Embassy" alleging that Plaintiff's civil rights had been violated by the State of Alaska, Judge Michelle Higuchi, and Senator Lisa Murkowski.[2] Plaintiff paid the filing fee.[3]

Plaintiff challenges a Domestic Violence Protective Order issued by the Alaska Superior Court and seeks the invalidation of the Murkowski Domestic Violence Bill, apparently referring to the domestic violence laws of the State of

---

[1] Plaintiff filed this action in the name of Mars Embassy. A self-represented litigant cannot represent another person, partnership, association, or entity. Therefore, the case name has been changed to reflect Plaintiff's name.

[2] Docket 1.

[3] Receipt #100019521. Docket 1.

Alaska.[4]  In Claim 1, Plaintiff alleges Judge Michelle Higuchi violated his rights by not allowing him to return to his home residence because he was "court order[ed] out of [his] house for 123 days."[5]  He asserts the "unlawful law" is being used to "support criminal behavior" and he "can get no relief from the State."[6]

In Claim 2, he alleges Attorney General Treg violated Plaintiff's right to free speech because he was never able to tell his side, was never involved, or was asleep when a domestic violence order was issued against him .[7]  He asserts "the State of Alaska was violating federal law while proclaiming the law allows it."[8]

In Claim 3, he claims, among other things, that Lisa Murkowski  violated his civil rights by "allow[ing] the thieves to rein supreme in the State of Alaska," presumably referring to the enactment of domestic violence laws in Alaska.[9]  He also states he has "been demonized by the State for almost 20 years because of this abomination, is not even a law, it does not meet any standards."[10]

For relief, Plaintiff seeks "ten point zero six billion United States Dollars or three years operating budget for [the State of Alaska] whichever is greater," an

---

[4] Docket 1.  *See generally* Alaska Statutes § 18.66.100, *et seq.*

[5] Docket 1 at 3.

[6] *Id.*

[7] Docket 1 at 4.

[8] Id. .

[9] Docket 1 at 5.

[10] Docket 1 at 5.

Case No. 3:22-cv-00222-SLG, *Medak v. State of Alaska, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 2 of 7

immediate "Cease and Desist" and "Declare Null and Void." Over the last three months, Plaintiff filed several "Notices"[11] and a Motion for Arrest Warrants.[12] The Court shall not consider additional arguments contained in those documents, as that is not the proper procedure to amend a complaint.[13]

The Court takes judicial notice[14] that on July 6, 2022, Judge Higuchi entered an order granting a short term petition for a protective order against Mr. Medak. A long term order was granted on July 21, 2022. Mr. Medak filed several requests to modify, extend or dissolve the protective order in the state court proceeding in September and October 2022; the state case was closed on October 20, 2022. No notice of appeal was filed.[15]

## DISCUSSION

Jurisdiction is "[a] court's power to decide a case or issue a decree."[16] Federal courts possess "only that power authorized by the Constitution and

---

[11] "Notices" requesting action from the Court are not motions and will not be considered. Accordingly, the various notices filed at Dockets 5-8 will not be considered by the Court for relief.

[12] Dockets 5-9.

[13] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1

[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019). *See also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[15] *Grosvold v. Medak,* Case No. 3KN-22-486CI, Docket Information, available at: https://courts.alaska.gov/main/search-cases.htm.

[16] Black's Law Dictionary (11th ed. 2019).

Case No. 3:22-cv-00222-SLG, *Medak v. State of Alaska, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 3 of 7
Case 3:22-cv-00222-SLG   Document 11   Filed 01/23/23   Page 3 of 7

statute."[17] This means that the Court has the authority to hear only specified types of cases.[18] The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[19] In a federal court proceeding, a jurisdictional defect may be raised at any time.[20]

A federal district court has no appellate jurisdiction over the decisions of state courts.[21] Only the United States Supreme Court has the authority to review a state court's judgment.[22] The *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction of a case that arises out of a state court determination that is "judicial in nature" and the issues raised in federal court are "inextricably intertwined" with the state court proceeding, making the federal case a de facto appeal of a state court decision.[23] This jurisdictional bar applies even when a plaintiff asserts that the defendant's actions violated his federal constitutional

---

[17] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[18] See, e.g., *United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[19] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[20] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

[21] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (establishing the *Rooker-Feldman* doctrine that federal district courts lack subject-matter jurisdiction to hear an appeal from a state court).

[22] 28 U.S.C. § 1257.

[23] *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it").

Case No. 3:22-cv-00222-SLG, *Medak v. State of Alaska, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 4 of 7
Case 3:22-cv-00222-SLG   Document 11   Filed 01/23/23   Page 4 of 7

rights.[24] In determining whether an action is a de facto appeal, courts pay close attention to the relief sought by the plaintiff. Claims are "inextricably intertwined" when the relief requested in the federal action would effectively reverse the state court decision or void its ruling.[25]

Plaintiff's underlying claim challenges the constitutionality of the State of Alaska's domestic violence statutes. Plaintiff essentially seeks to invalidate these state laws and the state court's issuance of a domestic violence protective order against him. These claims fall squarely under *Rooker-Feldman* and are therefore barred from proceeding in federal district court. Plaintiff's opportunity to challenge the constitutionality of the state domestic violence laws was in the state court domestic violence proceeding. And if he disagreed with the trial court's decision, he could have sought an appeal to the Alaska Supreme Court. This Court lacks jurisdiction to hear these claims that arise directly from the state court proceeding. Further, given the nature of these claims, the Court finds that amendment would be futile.[26] Therefore, Plaintiff's action must be DISMISSED.

---

[24] *Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).

[25] *Cooper*, 704 F.3d at 779.

[26] *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile.

Case No. 3:22-cv-00222-SLG, *Medak v. State of Alaska, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 5 of 7
Case 3:22-cv-00222-SLG   Document 11   Filed 01/23/23   Page 5 of 7

## MOTION FOR ARREST WARRANTS

The United States Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch.[27] The Executive Branch of the United States has exclusive authority and absolute discretion to decide whether to prosecute a case.[28] This Court is a part of the Judicial Branch; as such, the Court does not have the power to criminally prosecute any individual or to issue an order for the arrest of an individual based on Plaintiff's request.[29] Therefore, Plaintiff's Motion at Docket 9 is **DENIED.**

## CAUTION TO PLAINTIFF

Lastly, this Court must address Plaintiff's language throughout his filings. Local Civil Rule 1.1(c) requires civility to all parties and persons involved in the legal process—this includes self-represented litigants. Foul or abusive language will not be tolerated. Additionally, self-represented litigants must abide by the Alaska Rules of Professional Conduct.[30] Under Local Civil Rule 11.2, a court may

---

[27] *Bowsher v. Synar,* 478 U.S. 714, 721 (1986).

[28] *United States v. Nixon,* 418 U.S. 683, 693 (1974).

[29] See *Latronica v. Merrill Lynch*, 2016 WL 6967586, at *3 (E.D. Cal. 2016), *report and recommendation adopted sub nom. Latronica v. Lynch*, 2016 WL 10654059 (E.D. Cal. 2016).

[30] Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."); Local Civil Rule 83.1(h) ("The standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in this court.").

Case No. 3:22-cv-00222-SLG, *Medak v. State of Alaska, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 6 of 7
Case 3:22-cv-00222-SLG   Document 11   Filed 01/23/23   Page 6 of 7

impose sanctions for rules violations, including monetary fines. And a federal district court possesses an inherent power to manage its docket so as to achieve orderly dispositions.[31] This includes the authority to order sanctions for conduct that abuses the judicial process or is in bad faith.[32] The Court strongly cautions that should Plaintiff violate the rules of civility in the future, such filings may be stricken or he may face monetary sanctions. However, there must be no further filings in this closed case, excepting only if Plaintiff elects to file a notice of appeal of this order.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE**.

2. The Notices at Dockets 5-8 and 10 will not be considered by the Court.

3. The Motion for Arrest Warrants at Docket 9 is **DENIED.**

4. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

DATED this 23rd day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[31] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[32] *Id*.

Case No. 3:22-cv-00222-SLG, *Medak v. State of Alaska, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 7 of 7
Case 3:22-cv-00222-SLG   Document 11   Filed 01/23/23   Page 7 of 7